UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Michael McCarthy,

        Plaintiff,

      -v-                        13-CV-06467
                                            **ORDER**
Carolyn W. Colvin,
Commissioner of Social Security,

        Defendant.

## I. Introduction

Represented by counsel, Michael McCarthy ("plaintiff") brought an action pursuant to Title II of the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits ("DIB"). On November 14, 2014, that decision was reversed and the case was remanded solely for the payment and calculation of benefits. On January 25, 2015, the Social Security Administration ("SSA") issued Notices of Award stating that plaintiff was entitled to monthly disability benefits beginning October 2008. Doc. 15-2. The amount of $19,043.23 was withheld for attorneys' fees constituting 25% of the past due amount due to the plaintiff. *Id.*

Plaintiff now moves for an award of attorney's fees in the amount of $19,043.23 pursuant to 42 U.S.C. §406(b) ("Section 406(b)"), asking that the Court approve the contingent fee arrangement between plaintiff and his attorney, whereby plaintiff agreed to pay his attorney 25 percent of any past-due benefits

payable to him in exchange for the provision of legal services in this proceeding. Doc. 15-2. Plaintiff's counsel previously applied for and received $4,866.39 under the Equal Access to Justice Act ("EAJA"), an amount that he agrees to refund plaintiff upon the receipt of $19,043.23. *See* § 2412 of the Equal Access to Justice Act.

The Commissioner does not oppose plaintiff's motion. Doc. 18. For the reasons discussed below, the plaintiff's counsel's motion is granted.

## II. Discussion

Section 406(b) provides in relevant part that:

> "[w]henever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by such judgment . . ."

42 U.S.C. § 406(b)(1)(A). "The Commissioner's failure to oppose this motion is not dispositive, as 'section 406 (b) requires an affirmative judicial finding that the fee allowed is 'reasonable[.]'" *Ewald v. Commissioner of Social Sec.*, 2008 WL 4104458, *1 n.1 (E.D.N.Y. Sept. 3, 2008) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 n.17 (2002)); *see also Gisbrecht*, 535 U.S. at 807 ("[Section] 406(b) calls for court review of such [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases.") (footnote omitted); *id.* at 808-09. To fall "[w]ithin the 25 percent boundary"

established by Congress in § 406(b)(1)(A), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807 (footnote omitted).

Courts reviewing Section 406(b) motions should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingency cases. *See Gisbrecht*, 535 U.S. at 808. Other factors properly considered are any instances of misconduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or because minimal effort was expended; and the degree of difficulty of the case. *See Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

The Court begins its reasonableness analysis with the contingency agreement itself, which is unambiguous. The 25 percent fee for which it provides does not exceed the statutory cap; furthermore, 25 percent is a standard contingency fee for a Social Security case. *Ewald*, 2008 WL 4104458, at *2 (citing *Gisbrecht*, 585 U.S. at 803) (noting that "[c]haracteristically. . . , attorneys and clients enter into contingent-fee agreements specifying that the fee will be 25 percent of any past-due benefits" (internal quotation marks and citations omitted)). Neither party suggests that the fee agreement was the product of fraud or overreaching. Counsel provided effective representation to plaintiff by securing

a favorable reversal of the Commissioner's earlier denial and the immediate award of benefits.

Counsel asserts that 25 percent of plaintiff's past-due benefits totaled $19,043.23. While the fee applicant bears the burden of establishing that the requested fees are reasonable, plaintiff and the Commissioner agree that the following factors support such an award: 1) the attorneys spent a total of 25.10 hours representing Plaintiff (22.50 hours by attorney Eddy Pierre Pierre and 2.60 hours by Charles E. Binder);[1] 2) both attorneys whom worked on Plaintiff's case are experienced litigators in the field of Social Security Disability law; 3) the attorneys received a favorable result for plaintiff in this action; 4) the Second Circuit has upheld as non-"windfalls" a higher *de facto* hourly rate than that found here, which totaled $758.69 per hour when calculated using all 25.10 hours, and $846.36 per hour when calculated using only Mr. Pierre's 22.50 hours;[2] 5) counsel will refund the smaller of the two fee awards, here, the EAJA $4,866.39 award, to plaintiff;[3] and 6) the total fee requested does

---

[1] District courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time. *See e.g., Cruz v. Apfel,* 48 F.Supp.2d 226, 230 (E.D.N.Y.1999); *Grey v. Chater,* 1997 WL 12806 at *1 (S.D.N.Y.1997). Further, this time may include the time spent on EAJA fees applications. *See Trichilo v. Secretary of Health and Human Services,* 823 F.2d 702, 708 (2d Cir.1987).

[2] *See, e.g. Torres v. Colvin,* No. 11 CIV. 5309 JGK, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[i]n opposing the requested award, defendant seems to rely exclusively on the notion that the resultant hourly rate—$1,000.00—is too high to be reasonable, citing two cases in which courts held that rates of $1,034.48 and $1,333.33, respectively, amounted to a windfall. This argument is unpersuasive.")(internal citations omitted).

[3] *See, e.g., Wells v. Bowen,* 855 F.2d 37, 42 (2d Cir. 1988) ("dual fee applications are not improper as long as the lesser of any two amounts awarded goes to the attorney's client.").

not exceed 25 percent of the past-due benefits awarded to plaintiff. *Gaudino v. Colvin*, No. 10-CV-6656 CJS, 2013 WL 4647641, at *1 (W.D.N.Y. Aug. 29, 2013).

Contemporaneous time records from plaintiff's counsel which "specify, for each attorney, the date, the hours expended, and the nature of the work done" must also be submitted. *Cruz v. Local Union No. 3 of Intern. Broth. of Elec. Workers,* 34 F.3d 1148, 1160 (2d Cir.1994). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Here, counsel has submitted a dated "Itemization of Hours" (Doc. 15-2) that is sufficiently specific, legible, and coherently recorded for the Court to determine whether it was reasonable to spend the stated hours with the correlated tasks, and to determine whether the enumerated tasks were properly non-clerical in nature.[4] Moreover, the tasks are separately listed rather than block-billed. *C.f. Guadagno v. Astrue,* No. 10-CV-6348, 2011 WL 3902749, at *2 (W.D.N.Y. Sept. 6, 2011) ("block-billed time entries may hinder the Court's ability to determine whether the fees requested are reasonable; and, in such cases, district courts are authorized to make across the-board reductions, rather than undertaking a

---

[4] However, the Court is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. *See Aston,* 808 F.2d at 11; *see also New York Ass'n for Retarded Children v. Carey,* 711 F.2d 1136, 1146 (2d Cir.1983).

painstaking review of each time entry") (internal citations omitted).

For the reasons set forth above, Plaintiff's application for attorney's fees under 42 U.S.C. § 406(b)(1) in the amount of $19,043.23 is reasonable and granted. Plaintiff's counsel shall pay the amount of the EAJA award, $4,866.39 to Plaintiff. The Court directs the Commissioner to remit to plaintiff's counsel the requested $19,043.23 fee award.

### III. Conclusion

Plaintiff's motion for attorneys' fees is granted and the Commissioner is directed forthwith to remit $19,043.23 to plaintiff's counsel. Upon receipt of the award, counsel is directed to refund the EAJA award of $4,866.39 to plaintiff.

**IT IS SO ORDERED**.

S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge

Dated:     June 15, 2016
           Rochester, New York